UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JARVIS BERNARD BOWENS,

      Petitioner,

v.                               Case No.:  2:26-cv-1035-SPC-NPM
                                               2:21-cr-76-TPB-KCD

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **OPINION AND ORDER**

Before the Court is Jarvis Bernard Bowens' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[1]  The Court reviewed the motion as required by Section 2255 Rule 4(b).  Because Bowens is not entitled to relief on the single claim raised in the motion, the Court will deny it.

On July 26, 2021, the government charged Bowens with (1) possession with intent to distribute fentanyl and methamphetamine, (2) possession of a firearm and ammunition by a felon, (3) and possession of a firearm in furtherance of a drug trafficking crime.  (Cr-Doc. 18).  Attorney Rene Suarez represented Bowens.  (Cr-Doc. 14).  On December 13, 2021, Bowens, Suarez,

---

[1] The Court cites to documents from 2:26-cv-1035-SPC-NPM as "Doc. _" and documents from 2:21-cr-76-TPB-KCD as "Cr-Doc. _."

and the Assistant U.S. Attorneys assigned to the case executed a plea agreement. Bowens pleaded guilty to possession with intent to distribute, and the United States agreed to dismiss the other two charges. In the agreement, Bowens certified that he was pleading guilty because he was in fact guilty, and he signed off on a summary of the facts that established his guilt. He also waived his right to appeal the sentence. (Cr-Doc. 42). Bowens nevertheless appealed, and the Eleventh Circuit dismissed the appeal based on Bowens' waiver. (Cr-Doc. 103). Bowens now argues Suarez's negotiation of a plea agreement with an appeal waiver constitutes ineffective assistance of counsel.

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of proof on a § 2255 motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry

2

is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief under the Sixth Amendment. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.* Failure to show either *Strickland* prong is fatal. *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) ("a court need not address both *Strickland* prongs if the petitioner fails to establish either of them").

The record conclusively establishes that Bowens cannot establish the second prong of *Strickland*. It requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a

preponderance of the evidence." *Id.* (cleaned up). "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland*, 466 U.S. at 693).

During a change-of-plea hearing on January 6, 2022, Magistrate Judge Mac R. McCoy questioned Bowens about the provisions of the plea agreement, including the appeal waiver. Bowens testified under oath that he discussed the plea agreement with his attorney, that he understood all provisions, including the appeal waiver, and that he made the waiver freely and voluntarily. (Cr-Doc. 65 at 30-31). And after discussing the agreement in detail, Bowens confirmed his desire to plead guilty. (*Id.* at 40). Given Bowens' testimony during the plea colloquy, he cannot show a reasonable probability the outcome of the case would have been different if his counsel tried to negotiate away the appeal waiver. Nor can he show that his plea was not knowing and voluntary. Bowens is not entitled to relief under § 2255.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a

petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted).  Bowens has not made the requisite showing here and may not have a certificate of appealability on any ground of his motion.

Accordingly, it is now

**ORDERED:**

Jarvis Bernard Bowens's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter judgment and close the civil case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record